## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FREDERICK K. DUGGAN,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 08-CV-614-GKF-PJC |
| | ) |
| **STATE OF OKLAHOMA,** | ) |
| | ) |
| Respondent. | ) |

### OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 7), filed in this matter on December 3, 2008. Petitioner, a state inmate appearing *pro se*, did not file a response to the motion to dismiss. Respondent seeks dismissal of this action under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") (imposing a one-year limitations period on habeas corpus petitions). As discussed below, the Court finds that the petition was not timely filed. Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

### *BACKGROUND*

Petitioner challenges his convictions entered in Tulsa County District Court, Case No. CF-2001-2732. See Dkt. # 8, Ex. 1. The docket sheet provided by Respondent reflects that on November 19, 2001, the state district court found Petitioner guilty after accepting his plea of guilty to two (2) counts of Sexually Abusing a Minor Child. See id. at page 5 of 12. On that date, Petitioner was sentenced to thirty (30) years imprisonment on Count 1, and ten (10) years suspended on Count 2, to be served consecutively. Id. Petitioner did not file a motion to withdraw pleas and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). Id.

On October 15, 2002, Petitioner filed a motion to modify sentence. Id. at page 8 of 12. On October 15, 2002, the trial court denied the motion to modify sentence. Id.

On May 18, 2004, Petitioner filed an application for post-conviction relief. Id. By order filed July 28, 2004, the trial court denied the application for post-conviction relief. Id. On August 31, 2004, Petitioner filed an application for post-conviction relief requesting a post-conviction appeal out of time. Id. at page 9 of 12.  By Order filed October 5, 2004, the trial court recommended denial of Petitioner's request for a post-conviction appeal out of time. Id. Petitioner appealed and by order filed November 12, 2004, in Case No. PC-2004-1079, see www.oscn.net, the OCCA denied a post-conviction appeal out of time.

On March 11, 2005, Petitioner filed a second application for a post-conviction appeal out of time.  See Dkt. # 8, Ex. 1 at page 9 of 12. By order filed April 15, 2005, the state district court denied the application and recommended denial of Petitioner's second request for a post-conviction appeal out of time.  Petitioner appealed and by order filed June 1, 2005, in Case No. PC-2005-474, see www.oscn.net, the OCCA affirmed the denial of Petitioner's second application for a post-conviction appeal out of time.

On May 31, 2007, Petitioner filed another application for post-conviction relief.  See Dkt. # 8, Ex. 1 at page 9 of 12. On July 31, 2007, the state district court again denied post-conviction relief.  Petitioner appealed and by order filed October 17, 2007, in Case No. PC-2007-872, see www.oscn.net, the OCCA affirmed the denial of Petitioner's application for a post-conviction relief.

Petitioner commenced this habeas corpus action on October 15, 2008. See Dkt. # 1.

### *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty pleas in Case No. CF-2001-2732, his conviction became final, pursuant to § 2244(d)(1)(A), ten (10) days after pronouncement of his Judgment and Sentence, or on November 29, 2001. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an

appeal from any conviction on a plea of guilty or *nolo contendere*). As a result, his one-year limitations clock for any claim challenging his convictions, including the claims raised in the instant petition, began to run on November 29, 2001. Absent a tolling event, a federal petition for writ of habeas corpus filed after November 29, 2002, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner did not seek any post-conviction relief during the relevant period. The motion to modify sentence was filed on October 15, 2002, or before the limitations deadline. It was not, however, a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period. Nicholson v. Higgins, 147 Fed.Appx. 7, 8 n. 2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see also Clemens v. Sutter, 230 Fed.Appx. 832, 834 n.1 (10th Cir. 2007) (unpublished).

None of Petitioner's applications for post-conviction relief serves to toll the one-year limitations period because each was filed after the limitations period had already expired. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, Petitioner's state court pleadings filed after the limitations deadline of November 29, 2002, do not

4

toll the limitations period. Therefore, this action, commenced on October 15, 2008, appears to be untimely.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner did not file a response to Respondent's motion to dismiss and has provided no basis for the Court to consider equitable tolling of the one-year period. Furthermore, nothing in the record suggests that Petitioner is entitled to equitable tolling. Petitioner has neither demonstrated that he pursued his claims diligently nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. As a result, the Court concludes that this action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 7) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

DATED THIS 30th day of April, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma